**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

JON C. CAPPS, on behalf )
of himself and all other similarly situated )
individuals, )
                     )     **Case No. _____**
    Plaintiff, )
                     )
    v. )     **JURY DEMAND REQUESTED**
                     )
DOLGENCORP, LLC d/b/a )
DOLLAR GENERAL )     **CLASS ALLEGATIONS**
                     )
                     )
    Defendant. )

**CLASS ACTION COMPLAINT**

Plaintiff, Jon C. Capps, by and through his undersigned counsel, brings this lawsuit on behalf of himself and others similarly situated.  Plaintiff alleges the following based upon personal knowledge, investigation by counsel, and facts that are a matter of public record and, as to all other matters, upon information and belief:

**INTRODUCTION**

1.    This Complaint describes a deceptive and misleading advertising and pricing scheme in which Defendant Dolgencorp, LLC d/b/a Dollar General ("Dollar General") advertises and marks merchandise at a discounted or lower price on its shelves to lure customers to purchase an item but then overcharges the customer a higher price for the item at the point of sale at its Dollar General stores in Florida.

2.    Dollar General is a Fortune 500 company and leading operator of discount variety stores in North America.  As a discount retailer, Dollar General operates more than 20,000 stores

1

across the United States and advertises itself as "America's neighborhood general store."[1]  As of 2025, Dollar General operates 1,081 stores in the State of Florida.[2]  Many of its stores are situated in low-income, rural neighborhoods where consumers depend upon Dollar General for their everyday staples.

3.     Indeed, thousands of Florida consumers rely on Dollar General for their daily needs.  According to Dollar General, it provides its customers with "affordable" merchandise and "deliver[s] everyday low prices on items" while "commit[ing] to its mission of ***Serving Others***" and placing the customer "at the center . . . ."[3]

4.     While Dollar General advertises lower prices and discounted items, customers are routinely charged a higher dollar amount at the cash register than the lower price advertised on the shelf.

5.     This unfair and deceptive conduct is a common practice for Dollar General.  On January 23, 2023, a consumer protection class action was filed in New York against Dollar General for the same deceptive pricing scheme throughout Dollar General's stores in New York.  *See Joseph Wolf and Carmen Wolf v. Dollar Gen. Corp., et al*., Civ. Action No. 7:23-cv-00558 (S.D.N.Y. Jan. 23, 2023).  Later that year, Missouri's Attorney General filed suit against Dollar General and sought to "hold Dollar General accountable for its unfair and deceptive pricing practices" of overcharging customers.  Petition for Injunction, Restitution, Civil Penalties, and Other Relief at 2, *State of Missouri and Missouri Dept. of Agriculture v. Dolgencorp, LLC d/b/a Dollar General*, No.  2322-CC069102 (Cir. Ct. of the City of St. Louis, Mo. Sept. 13, 2023) (noting

---

[1] https://www.dollargeneral.com/about-us, accessed April 29, 2025.
[2] https://www.statista.com/statistics/1121086/number-of-dollar-general-stores-in-the-united-states-by-state/, accessed April 29, 2025.
[3] https://www.dollargeneral.com/about-us, accessed April 29, 2025 (emphasis added).

price discrepancies from its investigation revealed a range up to as much as $6.50 per item).  In November of 2023, New Jersey's Attorney General announced that New Jersey Division of Consumer Affairs reached a $1.2 million settlement to resolve allegations regarding merchandise pricing violations.[4]  Even before that, class action lawsuits were brought against Dollar General in New Jersey and Ohio in 2022 for regularly overcharging customers a higher price for merchandise than what the item was advertised on the store's shelves.  *See Ryan Button v. Dollar Gen. Corp., et al.*, No. MON-L-002774-22 (N.J. Super. Ct. Law Div. Oct. 10, 2022); *Norman Husar v. Dolgen Midwest, LLC d/b/a Dollar Gen.*, No. 22-CV-207195 (Ohio Ct. Comm. Pleas, Lorain Cnty. Oct. 11, 2022).  That same year, the Ohio Attorney General brought an action against Dollar General for this same deceptive overcharging scheme.  *See State of Ohio v. Dollar Gen. Corp. d/b/a Dollar Gen.*, No. cv-2022-11-1812 (Ohio Ct. Comm. Pleas, Butler Cnty. Nov. 1, 2022).

6.    Likewise, this class action arises from Dollar General's regular practice of charging Florida customers a higher price for an item at the cash register than the lower price the item was advertised as on the store's shelf in violation of the Florida Deceptive and Unfair Trade Practices Act.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) because this is a class action in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, in the aggregate; there are more than 100 members in the proposed class; and at least one member is a citizen of a state different from Dollar General.

8.    Venue is proper pursuant to 28 U.S.C. § 1391.  A substantial part of the events or

---

[4] https://www.njoag.gov/ag-platkin-new-jersey-division-of-consumer-affairs-reaches-settlement-with-dollar-general-over-allegations-of-pricing-violations/, accessed April 29, 2025.

omissions giving rise to Plaintiff's and class members' claims occurred in this district.  Dollar General has further conducted substantial business in this judicial district and promoted, marketed, distributed, and sold items at issue in this judicial district.  Moreover, a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9.      Plaintiff Jon C. Capps is an adult resident of Henry County, Alabama.  Plaintiff is a consumer who purchased merchandise at the Dollar General store #06158 located at 710 South US Highway 27, Havana, Florida 32333.

10.     Defendant Dolgencorp, LLC d/b/a Dollar General is a Tennessee limited liability company with its principal office located in Goodlettsville, Tennessee.  Dollar General is responsible for the advertising, pricing, labeling, marketing, distribution, and sale of its product in its stores to thousands of consumers in Florida including, but not limited to, Dollar General store #06158 in Havana, Florida.

## FACTUAL ALLEGATIONS

11.     Plaintiff regularly shops at Dollar General stores.

12.     On or about March 22, 2024, Plaintiff was shopping at Dollar General store #06158 in Havana, Florida when he saw 2-Liter Coke Zero advertised as "2 for $5."  Plaintiff selected two 2-Liter Coke Zeros and proceeded towards the cash register to purchase them.  While checking out, however, the same two 2-Liter Coke Zeros rang up for $6.00 (2 @3.00) minus a $0.50 discount, resulting in a total price of two for $5.50 or $0.50 more than the advertised price.

13.     As a result of the price discrepancy, Plaintiff was charged and used his Visa debit card to pay fifty cents plus applicable tax more than the advertised price for the two 2-Liter Coke Zeros.  This discrepancy is shown below:

4



14.    Dollar General used the same practice and procedure in charging a price higher than the price advertised to Plaintiff and the putative class when selling the same and/or similar merchandise in its Florida stores.

15.    In the four-year period before the Complaint was filed, Dollar General charged prices that were higher than advertised that were the same or similar to the advertisement shown and described above to numerous consumers in its Florida stores.

16.    Dollar General implements a policy and practice to charge customers a higher price at the cash register than the price advertised on the unit price labels for merchandise on the shelves in Dollar General's Florida stores.

17.    Having successfully lured the customer to its shelf where Dollar General displays

a lower or discounted price for merchandise, Dollar General seizes this opportunity to steer customers toward its cash registers where unsuspecting consumers are overcharged and overpay for the merchandise, resulting in a windfall for Dollar General.

18.     Plaintiff and the putative class have been proximately damaged as a result of Dollar General's unfair and deceptive conduct by being deceived into thinking they are getting a discounted or lower priced item when, in fact, they are overcharged and ultimately paying more than the advertised price for merchandise.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action pursuant to the provisions of Rules 23(b) and 23(b)(3) of the *Federal Rules of Civil Procedure* on behalf of himself and all others similarly situated based on the conduct alleged herein, as follows:

> All consumers who at any time on or after the day four years prior to the date this action was filed, paid more for merchandise than the advertised price label on the Dollar General store shelf located in Florida.

20.     Excluded from the class are Dollar General, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, any person in bankruptcy, and the presiding judge(s) in this case and their staff.

21.     Plaintiff reserves the right to expand, limit, modify, or amend these class definitions, including the addition of more subclasses, in connection with its motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

22.     **Numerosity**: At this time, Plaintiff does not know the exact size of the class; however, due to the nature of the trade and commerce involved, Plaintiff believes that the number

of class members is in excess of one hundred and into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of class members is administratively feasible and can be determined through appropriate discovery in the possession of Dollar General.

23. **Commonality**: There are questions of law or fact common to the class, which include but are not limited to the following:

    a. whether the discrepancy in the advertised price of merchandise on the shelf and the price at the cash register when the merchandise is charged to the customer at the time of the sale violates Florida Deceptive and Unfair Trade Practices Act;

    b. whether Dollar General's conduct was deceptive and unfair in violation of Florida Deceptive and Unfair Trade Practices Act;

    c. whether Dollar General's conduct is likely to mislead a reasonable consumer under Florida Deceptive and Unfair Trade Practices Act;

    d. whether Dollar General's practice of charging consumers higher prices on merchandise than advertised is likely to mislead a reasonable consumer;

    e. whether Plaintiff and members of the class suffered injury as a result of Dollar General's conduct;

    f. whether Dollar General's wrongful conduct poses the threat of future harm to Plaintiff and the putative class; and

    g. whether injunctive relief is appropriate to prevent future harm to Plaintiff and the putative class.

24. **Typicality**: Like Plaintiff, many other consumers have claims which arise out of the same policies, practices, and conduct, and the same or similar documents used by Dollar General in their dealings with Plaintiff and putative class members. Plaintiff's claims are typical of the claims of the class because Plaintiff and each class member was injured by Dollar General's deceptive and unfair conduct. Plaintiff and the class have suffered the same or similar injury as a result of Dollar General's deceptive and unfair conduct. Therefore, Plaintiff's claims are typical

7

of the claims of the class, and class treatment is appropriate.

25.    **Adequacy of Representation**: Plaintiff is committed to pursuing this action and has retained competent counsel who is experienced in prosecuting and resolving consumer class actions.  Plaintiff will fairly and adequately represent the interests of the class and does not have any interests adverse to those of the class.

26.    **Superiority**: The common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the class will prosecute separate actions is remote because the damages or other financial detriment suffered by individual class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against Dollar General.

<u>**COUNT I**</u>

<u>**VIOLATION OF THE FLORIDA DECEPTIVE AND
UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201**</u>

27.    Plaintiff alleges this cause of action on behalf of himself and the proposed class, and in doing so, incorporates all preceding allegations.

28.    FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

29.    The purpose of FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  FLA. STAT. § 501.202.

30.    Plaintiff is a "consumer" as defined by § 501.203(7).  At all times relevant hereto,

Dollar General engaged in "trade or commerce" under § 501.203(8) and is subject to the duties and liabilities imposed under FDUTPA.

31.     Pursuant to Fla. Stat. § 501.211(2), any person who has suffered a loss because of a violation of FDUTPA may bring an action for actual damages, attorney's fees, and court costs.

32.     FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of any trade or commerce." FLA. STAT. § 501.204(1).

33.     Dollar General engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce by:

   a.   charging Plaintiff more than the advertised shelf price for the merchandise;

   b.   failing to disclose the true price of merchandise to Plaintiff when advertising and marketing the price of merchandise on its shelves;

   c.   failing to disclose the price of merchandise to Plaintiff that he would be charged until checking out at the point of sale; and

   d.   advertising false sale prices of merchandise to Plaintiff.

34.     Dollar General's unfair and deceptive practices are likely to mislead and have misled reasonable consumers like Plaintiff and, therefore, violate FLA. STAT. § 500.04.

35.     Dollar General, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff.

36.     Plaintiff and numerous other customers purchased merchandise based on Dollar General's false and misleading representations.

37.     Plaintiff and numerous other customers purchased merchandise after viewing and relying on the shelf price for said merchandise.

38.     Dollar General's unfair and deceptive acts and practices as described herein have

caused Plaintiff to suffer actual damages including, but not limited to, the overcharge of the merchandise at issue.

39.    Plaintiff has been aggrieved by Dollar General's unfair and deceptive practices in violation of FDUTPA, in that he purchased merchandise with the reasonable expectation that Dollar General would not falsely advertise prices or charge a higher amount for merchandise at the point of sale than the advertised shelf price.

40.    Reasonable consumers rely on Dollar General to honestly market and label its merchandise in a way that does not deceive reasonable consumers.  Dollar General deceived reasonable consumers, like Plaintiff, into believing he obtained the shelf price for the merchandise.

41.    As a direct and proximate result of Dollar General's unfair and deceptive acts and practices, Plaintiff has been damaged by Dollar General's conduct and is entitled to relief under FDUTPA including, but not limited to, injunctive relief, actual damages, attorney's fees, and costs.

## COUNT II

## UNJUST ENRICHMENT

42.    Plaintiff re-alleges and incorporates by reference all factual allegations contained in paragraphs 1-41 above.

43.    Substantial benefits have been conferred on Dollar General by Plaintiff and the putative class through the fraudulent and deceptive pricing practices outlined above.  Dollar General knowingly and willingly accepted and enjoyed these benefits.

44.    Dollar General either knew or should have known that the payments rendered by Plaintiff and the putative class were given and received with the expectation that Dollar General would only charge and collect its advertised prices.  As such, it would be inequitable for Dollar General to retain the benefit of the payments under these circumstances.

45.     Dollar General's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Dollar General to retain the benefits without payment of the value to Plaintiff and the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this case be certified and maintained as a class action and that this Honorable Court enter judgment upon Dollar General as follows:

a)     certification of the class, as defined herein, for equitable relief pursuant to Rule 23(b)(2);

b)     appointment of named Plaintiff, Jon C. Capps, as Class Representative and appointment of his attorneys as Class Counsel;

c)     injunctive relief requiring Dollar General to provide an accounting identifying all members of the class;

d)     injunctive relief requiring Dollar General to provide an accounting of all overcharges during the class period;

e)     injunctive relief enjoining Dollar General from engaging in future violations of FDUTPA;

f)     an award of reasonable attorneys' fees and costs of suit in connection with this action pursuant to the Court's equitable powers and the FDUTPA;

g)     restitution for the overcharge amounts;

h)     judgment for actual damages;

i)     pre- and post-judgment interest on the amount recovered; and

j)     such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

/s/J. Matthew Stephens
J. Matthew Stephens
Florida Bar No. 0688649
*Attorney for Plaintiff and the Proposed Class*

**OF COUNSEL:**

**METHVIN, TERRELL, YANCEY,**
**STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399
Email: mstephens@mtattorneys.com

**DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:**

DOLGENCORP, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301